IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Davis, | C/A No. 0:13-2790-TMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, | |
| Defendant. | |

The plaintiff, Joshua Davis, a state prisoner who is represented by counsel, filed this civil rights matter pursuant to 42 U.S.C. § 1983. The defendant removed this action from the Kershaw County Court of Common Pleas. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 15.) Davis filed a response in opposition. (ECF No. 17.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted with regard to Davis's federal claims and his state law claims should be remanded.

## BACKGROUND

Davis alleges that on or about September 30, 2011, he was strip-searched by four South Carolina Department of Corrections ("SCDC") officers and "dry-celled" for three days. (Compl., ECF No. 1-1 at 7.) He further alleges that "additional actions" were taken against him by unspecified officers in February 2012 that involved offensive touching. (Id., ECF No. 1-1 at 4.) He claims that the SCDC officers' actions were in violation of SCDC policy, constituted reckless conduct in violation of the South Carolina Tort Claims Act, and violated 42 U.S.C. § 1983 and his

constitutional rights pursuant to the Eighth Amendment. Davis claims he suffered mental and physical cruelty and seeks actual and punitive damages.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

B.     **Federal Claims against Defendant South Carolina Department of Corrections**

Davis names SCDC—a state agency—as the sole defendant in this action. The defendant correctly asserts that Davis's claims for alleged violations of 42 U.S.C. § 1983 and the Eighth Amendment fail as a matter of law because SCDC is immune from suit. See Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (recognizing that "arms of the State" are not "persons" under § 1983). Moreover, because the State of South Carolina has not waived its immunity from suit in state court for § 1983 claims, the defendant's voluntary removal of this case to federal court has not, in this instance, effected a waiver of the State's immunity from suit for these claims. See Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (holding that the State did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question); see also S.C. Code Ann. § 15-78-20(e); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntary invokes the jurisdiction of the federal court waives immunity to claims in which *it has consented to suit in its own courts*). In response to the defendant's motion, Davis states that he does not oppose the defendant's motion with regard to his causes of action under the Eighth Amendment and § 1983. (See Pl.'s Mem. Opp'n Summ J. at 3, ECF No. 17 at 3.) Accordingly, for the reasons discussed above, SCDC is immune from suit with regard to these claims, and the defendant's motion for summary judgment should be granted as to any federal claims.

**C.     State Law Claims**

Davis also raises claims pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq.  In light of the recommendation that the SCDC's motion for summary judgment be granted as to Davis's federal claims, the court should exercise its discretion to remand the state law claims.  See 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal).

**RECOMMENDATION**

For the above reasons, the court recommends that the defendant's motion for summary judgment be granted with regard to Davis's federal claims (ECF No. 15), and that the court decline to exercise supplemental jurisdiction over any state law claims and remand those claims to the Kershaw County Court of Common Pleas.

November 3, 2014                                                                 Paige J. Gossett
Columbia, South Carolina                                                UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).